IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Mitchell, | ) Civil Action No.: |
|         Plaintiff, | ) |
| v. | ) **NOTICE OF REMOVAL** |
| TA Operating, LLC and Robin Bass-Frierson, | ) |
|         Defendants. | ) |

Defendants TA Operating LLC ("TA Operating") and Robin Bass-Frierson ("Bass-Frierson") (together, "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby give notice that they have removed from the Florence County Court of Common Pleas, the action titled *John Mitchell v. TA Operating, LLC and Robin Bass-Frierson*, Case No. 2022-CP-21-00039, to this Court, the United States District Court for the District of South Carolina, Florence Division. The removal is based on the following grounds:

**A.     Timeliness of Removal**

1.     On or about January 10, 2022, Plaintiff John Mitchell ("Plaintiff") commenced this civil action in Florence County Court of Common Pleas by filing a Summons and Complaint.

2.     On January 19, 2022, Defendant Bass-Frierson was served with the Summons and Complaint. (Exhibit A, State Court Documents.)

3.     On January 20, 2022, Defendant TA Operating was served with the Summons and Complaint. (Exhibit A, State Court Documents.)

4.     On February 15, 2022, Plaintiff filed an Amended Summons and Complaint dismissing his claims against several previously named Defendants. (Exhibit A, State Court Documents.)

1

5. Removal is timely as it was effected within 30 days of the service of the Summons and Complaint on Defendants. 28 U.S.C. § 1446(b)(2)(B).

B. **Diversity Jurisdiction**

3. TA Operating operates a "Petro Shopping Center" with the address of 3001 TV Road, Florence, SC 29501. At the time the Complaint was filed, at the time of removal, and at all intervening times, TA Operating was (and is) a limited liability company. Defendant TA Operating is a Delaware limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Ohio. For purposes of determining the existence of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, L.L.C.*, 535 F.3d 101, 103 (4th Cir. 2011). The sole member of TA Operating is TravelCenters of America Inc. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). TravelCenters of America Inc. is a publicly traded corporation organized and existing under the laws of the State of Maryland and its officers direct, control, and coordinate TravelCenters of America Inc.'s business activities in the State of Ohio. Thus, TA Operating's citizenship is Delaware, Maryland and Ohio.

4. At the time the Complaint was filed, at the time of removal, and at all intervening times, Bass-Frierson was a resident and citizen of South Carolina, but for the reasons stated below, was fraudulently joined and should be dismissed.

5. Plaintiff alleges that he is a citizen and resident of the State of Florida. (Amend. Compl., ¶ 1.)

6.      "The doctrine of fraudulent joinder permits a federal court to 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Boss v. Nissan N. Am.*, 228 Fed. Appx. 331, 334-35 (4th Cir. 2007) (internal citation omitted).

7.      To establish fraudulent joinder, the removing party must show either: "(1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Benjamin v. Wal-Mart Stores, Inc., et al.*, 413 F. Supp. 2d 652, 654 (D.S.C. 2006). "In deciding whether the plaintiff has any chance of recovery against the defendant, the court 'is not bound by the allegations of the pleadings, but may instead 'consider the entire record.'" *Boss*, 228 Fed. Appx. at 135 (internal citation omitted). Where "[p]laintiffs' conclusory allegations concerning 'the Defendants' and their liability do not provide sufficient facts to state a claim against [an individual defendant]," removal is proper on the basis of fraudulent joinder. *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 534-535 (D.S. C. 2014).

8.      In order to establish a claim for negligence, Plaintiff must present evidence of a legal duty owed by Defendants to him, a breach of that duty by a negligent act or omission, and damages that were proximately caused by that breach. *Benjamin*, 413 F. Supp. 2d at 655.

9.      Plaintiff alleges that Bass-Frierson, as "manager" of the property where Plaintiff allegedly fell, was allegedly "responsible for the safety of the property." (Amend. Compl., ¶ 3.) Plaintiff alleges that "Defendants," without any differentiation between the various parties, were negligent in that they created, knew and/or should have known, were on notice of but failed to correct a latent defect, which was not open and obvious to Plaintiff. (Amend. Compl. ¶ 7.) Further, Plaintiff alleges that "Defendants" failed to maintain the premises, warn of the hazardous

condition, adequately hire / train / manage personnel, and take actions to correct the known problem. (Amend. Compl. ¶ 14.) Specific to Bass-Frierson, Plaintiff alleges she "actively participated in, directed and sanctioned the actions which resulted in the creation and existence of the hazardous condition and failure to warn… failed to exercise ordinary and reasonable supervision which would have detected the failures of the Defendants to warn of the hazardous condition and operate the premises in a reasonably safe condition." (Amend. Compl., ¶ 13.)

10. "In South Carolina, a party who operates a premises but is neither an owner nor a lessee may [] have a duty of reasonable care with respect to an allegedly dangerous condition. Such liability depends upon *control*, rather than ownership, of the premises." *Benjamin*, 413 F. Supp. 2d. at 655-56 (emphasis in original) (internal citations omitted).

11. Bass-Frierson is a Site General Manager of the location where Plaintiff alleges to have been injured, but was not present or working on the date of the incident alleged in the Complaint. (See Exhibit B, Declaration of Robin Bass-Frierson, ¶¶ 2, 6.) In fact, on June 17, 2021, Bass-Frierson was working at a different TA Operating location in Columbia, SC. (Ex. B, Declaration at ¶ 6.) Bass-Frierson is not an officer or member of TA Operating. (Ex. B, Declaration at ¶ 4.) To her knowledge, Bass-Frierson did not place, nor direct any employee to place, the object Plaintiff alleges to have encountered on June 17, 2021. (Ex. B, Declaration at ¶¶ 5, 7.) Prior to the incident alleged in the Complaint, Bass-Frierson did not believe the object, nor its placement, to have been dangerous, defective, or constituting an unsafe trip hazard. (Ex. B, Declaration at ¶ 8.) Further, prior to the incident alleged in the Complaint, to Bass-Frierson's knowledge, no other person had tripped over, fallen because of, or complained about the object which Plaintiff alleges to have encountered. (Ex. B, Declaration at ¶ 9.)

4

12. The Complaint does not contain factual allegations sufficient to establish that Bass-Frierson had sufficient control of the property or participated in or directed the allegedly tortious acts to be individually liable for Plaintiff's alleged injuries. Plaintiff's blanket allegations regarding Bass-Frierson's actions or inactions simply as a result of her title, do not suffice. This failure on the part of the Plaintiff is all the more clear when the Court considers that state, not federal, pleading requirements control state court pleadings, and Plaintiff's Complaint falls well short of the code pleading standard applicable to South Carolina pleadings.

13. Thus, there is no possibility that Plaintiff can establish a cause of action for negligence as to in-state Defendant Bass-Frierson. Bass-Frierson has been fraudulently joined and should be dismissed.

14. Accordingly, Plaintiff and the remaining proper Defendant, TA Operating, are citizens of different states and complete diversity exists.

**C.  Amount in Controversy**

15. The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

16. Plaintiff alleges that "…the very dangerous condition, namely an unsafe trip hazard on the property…caused the Plaintiff to suffer numerous severe injuries." (Amend. Compl., ¶ 7.) Plaintiff further alleges that, due to the alleged defect, the failure to warn, and Defendants' negligent, grossly negligent, willful, wanton, and reckless acts and omissions, he suffered "severe and permanent injuries and will continue to suffer injuries for the remainder of [his] life." (Amend. Compl., ¶ 8.) Plaintiff also alleges that he has suffered permanent impairment, increased susceptibility to future injury, and substantial expenses for medical services. (Amend. Compl., ¶ 15.)

17.     Plaintiff alleges that he is entitled to actual and punitive damages from Defendants. (Amend. Compl., ¶ 17.)

18.     "When a specific amount is not specified in the complaint, '[t]he object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy.'" *Stewart v. AT&T Mobility LLC*, 2011 U.S. Dist. LEXIS 92537, at *7 (D.S.C. July 21, 2011) (citing *Cannon v. United Ins. Co.*, 352 F. Supp. 1212, 1217 (D.S.C. 1973)). "Punitive damages 'must be included in the calculation of the amount in controversy.'" *Id*. at *8 (citing Am. *Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003)).

19.     "It is the Court's experience that the plaintiff's bar rarely seeks less than ten times damages for punitive damages." *Woodward v. Newcourt Commer. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999).

20.     Based on Plaintiff's allegations that he has suffered permanent impairment, "will continue to suffer injuries for the remainder of his life," has incurred medical bills, and that Defendants' actions or omissions were negligent, reckless, willful, and wanton in that they allegedly knew, or should have known, of the dangerous condition and did not correct it or warn Plaintiff, the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

21.     Further, upon information and belief, Plaintiff's medical bills to date exceed the sum of $75,000.

22.     For the above reasons, the amount in controversy in this case exceeds the jurisdictional threshold in 28 U.S.C. § 1332(a)(1) and this Court has subject-matter jurisdiction.

23.     Accordingly, this case is removable under 28 U.S.C. § 1441(a).

### D.      Compliance with 28 U.S.C. § 1446

24.     A copy of all process and pleadings filed by Plaintiffs are attached hereto as Exhibit A. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon Plaintiff through Plaintiff's counsel of record and a true and correct copy of this Notice of Removal has been or will be filed with the Clerk of Court for Florence County, South Carolina, as required by 28 U.S.C. § 1446(d).

25.     The Court of Common Pleas for Florence, South Carolina is located within the jurisdiction of the United States District Court for the District of South Carolina, Florence Division; therefore, this Court is the proper one for removal of this action.

26.     Defendants have submitted the required filing fee to the Clerk of the Court.

27.     By filing this Notice, Defendants do not waive any defense that may be available to them.

WHEREFORE, Defendants respectfully request that the action now pending in the State of South Carolina, Florence County, Court of Common Pleas, as Case No. 2022-CP-21-00039, proceed before this Court as an action properly removed.

Dated: February 18, 2022                     GORDON & REES LLP

                                             By      *s/Brittany T. Bihun*
                                                     Brittany T. Bihun (Fed. 12704)
                                                     E-mail: bbihun@grsm.com
                                                     A. Victor Rawl, Jr. (Fed. 6971)
                                                     E-mail: vrawl@grsm.com
                                                     40 Calhoun Street, Suite 350
                                                     Charleston, SC  29401
                                                     Telephone: (843) 278-5900
                                                     *Attorneys for Defendants*

7